1  WILLIAM TURLEY, ESQ. (122408)
   DAVID MARA, ESQ. (230498)
2  **THE TURLEY LAW FIRM, APLC**
   625 Broadway
3  San Diego, California 92101
   Telephone: (619) 234-2833
4  Facsimile:  (619) 234-4048

5

6  Attorneys for Defendant Janine Storm

7  UNITED STATES DISTRICT COURT

8  CENTRAL DISTRICT OF CALIFORNIA

| HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS, , | Case No. SACV13-34 AG(JPRx) |
|---|---|
| Plaintiff, | **DEFENDANT JANINE STORM'S NOTICE OF MOTION AND MOTION TO DISMISS IN DEFERENCE TO THE ACTION DEFENDANT FILED IN CALIFORNIA STATE COURT AND PURSUANT TO F.R.C.P. 12(b)(6)** |
| v. | |
| JANINE STORM | |
| Defendant | |
|  | Hearing Date: March 4, 2013<br>Time:          10:00 a.m.<br>Judge:         Hon. Andrew J. Guilford<br>Dept.          10-160/10D |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

   **PLEASE TAKE NOTICE** that on March 4, 2013, at 10:00 a.m. in Department 10-160/10D of the United States District Court, for the Central District of California, Southern Division, located at 411 West 4th Street, Santa Ana, CA 92701, the above entitled motion will be set for hearing. Said motion will be based on this notice, the accompanying memorandum of points and authority, request for judicial notice, documentary evidence, and oral arguments raised at the time of the hearing.

**COMES NOW,** Defendant, Janine Storm, and moves to dismiss Plaintiff's declaratory relief action in deference to Defendant Storm's action filed in state court and under Federal Rule of Civil Procedure, Section 12(b)(6) for a failure to state a cause of action for which relief can be granted.

## INTRODUCTION

As Hornblower Yachts, LLC, dba Hornblower Cruises and Events (hereinafter "Hornblower") states in its declaratory relief complaint, Janine Storm was a member of the crew on Hornblower's vessel, "Just Dreamin." Ms. Storm was injured on the vessel on October 28, 2011, while it was on voyage in the navigable waters of the United States.. Particularly, Ms. Storm was injured when she fell down an unguarded stairway just outside the vessel's galley while she was carrying a large, view obstructing bread tray from the galley as instructed by her supervisor.

Per Plaintiff's complaint, there is no dispute that Ms. Storm's "employment as a steward trainee on the vessel 'Just Dreamin' and various other Hornblower vessels qualify her as a seaman pursuant to the Jones Act, 46 U.S.C. 2101, *et seq.*" (See Plaintiff's complaint, pg. 2, Para: 6). Thus, there is no dispute that Ms. Storm's injuries and rights to relief therefrom are cognizant under the federal Jones Act and general federal maritime law principles of unseaworthiness and maintenance and cure.

Plaintiff Hornblower's complaint seeks declaratory relief of Ms. Storm's entitlement to past and continuing entitlement to maintenance (compensation) and cure (medical) benefits, as well as a determination on the nature and extent of her disability. Pursuant to the "Saving to Suitors" clause in maritime actions, codified 28 U.S.C. 1333, Ms. Storm has filed a complaint in California state Court that encompasses these same maintenance and

cure claims, and, in addition, brings claims for unseaworthiness and Jones Act negligence.[1] Ms. Storm's state action is based on the exact same set of facts giving rise to Hornblower's declaratory relief action.

Hornblower's declaratory relief action should be dismissed, because, due to its breadth, it would have a broad preclusive effect on the issues being litigated in state court. The declaratory action should also be dismissed because Ms. Storm filed her Jones Act case in state court only a few weeks after Hornblower filed the instant declaratory relief action and before the motion to dismiss hearing.

## DISCUSSION

**A.   Dismissal should be granted, because any factual determinations made here will have a broad preclusive effect on the issues being litigated in state court**

Based on the two, duplicative actions, Ninth Circuit courts, as well as those in other circuits, have dismissed the declaratory relief action in deference to the state court action that encompasses the same maintenance and cure claims.

A recent Ninth Circuit district court decision in *Westar Marine Services, Inc. v. Bayly*[2] is analogous to and instructive. In *Westar Marine Services, Inc.*, deck engineer for Westar Marine, David Bayly, was injured when he fell off a ladder of one of Westar's tugs. As with Janine Storm, there was no dispute that Mr. Bayly's employment qualified him as a seaman pursuant to the Jones Act. Also similar to Ms. Storm, Mr. Bayly began receiving maintenance and cure from Westar Marine after his injury.

As Hornblower did here, Westar Marine filed a declaratory relief action in a federal district court, "seeking a judgment that defendant David Bayly is not entitled to maintenance and cure benefits." Just as Janine Storm did here, David Bayly filed a complaint in California state court for maintenance and cure, unseaworthiness, and Jones

---

[1] Concurrently filed with this motion to dismiss, is Defendant Storm's request for judicial notice of the complaint filed on 1/28/13 in Orange County Superior Court.

[2] *Westar Marine Services, Inc. v. Bayly* 2010 U.S. Dist. LEXIS 54634

Motion to Dismiss
2

Act negligence. David Bayly then filed a motion to dismiss the declaratory relief matter in deference to his action filed in state court, which the District Court for the Northern District of California granted.

In making granting the motion, the *Westar Marine Services, Inc.* court weighed the following factors:

1. Federal courts should avoid needlessly deciding issues of state law;
2. Litigants should be discouraged from filing declaratory relief actions as a means of forum shopping;
3. Duplicative litigation should be avoided. *Westar Marine Services, Inc. v. Bayly* (N. Dist. Cal. 2010) 2010 U.S. Dist. LEXIS 54634 (citing *Brillhart v. Excess Ins. Co of Am.*, 316 U.S. 491, 495)

The court found the third consideration weighed in favor of deferring to the state action Mr. Bayly filed. Specifically, the court reasoned:

> As to the third *Brillhart* factor, Bayly's first amended complaint in state court indeed poses many similar issues, and duplicative litigation is certainly a risk. The parties agree that the two lawsuits are based on the same facts surrounding the injuries Bayly allegedly sustained in the course of his work for Westar. The lawsuits will both involve a determination whether these facts give rise to a duty on the part of Westar to pay maintenance and cure for injuries Bayly sustained. Any findings by this Court in a decaratory judgment action would have an impact on the issues presented in the California state court action. Thus, this factor weighs strongly in favor of deferral to the state court.

Based on the fact that the *Westar Marine* plaintiff sought declaratory relief as to all factual issues surrounding maintenance and cure and the nature and extent of Mr. Bayly's injuries, the court granted dismissal because "any factual determinations made here will have a broad preclusive effect in state court." *Westar Marine Services, Inc. v. Bayly* (N. Dist. Cal. 2010) 2010 U.S. Dist. LEXIS 54634.

The facts here, which are nearly identical to those in *Westar Marine*, dictate the same result. Janine Storm's state action revolve around the same set of facts that give rise

to Hornblower's declaratory relief action, i.e., the injury incident of 10/28/11. Also, as in *Westar Marine*, Hornblower is not seeking declaratory relief on a limited issue related to maintenance and cure. Rather, as the following paragraphs from its complaint show, Hornblower seeks declaratory relief as to all factual issues, including the threshold issue of Ms. Storm's entitlement to maintenance and cure and the nature and extent of her injuries:

Para: 12: A dispute therefore has arisen as to whether Storm is entitled to past and/or continued maintenance and cure benefits.

Para: 14: Given the foregoing, there is a substantial controversy between Hornblower and Storm relating to her past and future maintenance and cure benefits. Hornblower avers that Storm was not and/or is not entitled to maintenance and cure and that Hornblower was entitled to or will be entitled to terminate payment of said benefits.

Para: 18: An actual controversy has arisen and now exists between Hornblower and Storm concerning Hornblower's past and future obligation to provide maintenance and cure benefits to Storm and Storm's obligations to cooperate with Hornblower's investigation.

Para: 20: A judicial declaration is necessary and appropriate at this time that Hornblower was not and is not obligated to pay maintenance and cure benefits and that it properly terminated or may properly terminate payment thereof.

**WHEREFORE, HORNBLOWER PRAYS FOR JUDGMENT AS FOLLOWS**

Para: 22: *For a judicial determination that Hornblower was not and is* **not** obligated to pay maintenance and cure benefits and that it properly terminated payment or may terminate payment thereof.

Thus, as the *Westar Marine* court held, the factual findings here will have a broad preclusive effect in state court. Accordingly, it is respectfully requested that dismissal be granted.

### B. Dismissal should be granted, because Ms. Storm filed her Jones Act case in state court only a few weeks after Hornblower filed the instant declaratory relief matter and before the instant motion to dismiss hearing

In *Belle Pass Towing Corp. v. Cheramie*[3], a Fifth Circuit District Court case that is perhaps the most cited on the issues raised in this motion, more strongly than *Westar Marine* dictates dismissal of the declaratory relief action. The *Belle Pass Towing Corp.* case ruled that "absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out of the same set of facts." *Belle Pass Towing Corp. v. Cheramie* (E.D. LA. 1991) 763 F.Supp. 1348, 1355. The *Belle Pass Towing Corp.* court noted that dismissal is required, so long as the Jones Act case is filed before the hearing on the motion to dismiss. The court stressed that its ruling was mandated "because of the nature of the Saving to Suitors Clause, and because of the possible preclusive effects maintaining such an action would have on a suitor's Jones Act case in another court." *Id.*

At least one Ninth Circuit District Court case was persuaded by the reasoning in *Belle Pass*. See *Ocean Alaska, LLC v. Hutchison* (w. Dist. WA 2008) 2008 U.S. Dist LEXIS 116712. In *Ocean Alaska*, Ocean Alaska filed a declaratory judgment action in federal court over two months before the declaratory defendant filed claims against it for Jones Act negligence, unseaworthiness, maintenance and cure and unearned wages in Alaska state court. Relying on *Belle Pass*, the *Ocean Alaska* court granted the motion to dismiss on the exclusive basis of the parallel state court filing. *Ocean Alaska, LLC v. Hutchison* (w. Dist. WA 2008) 2008 U.S. Dist LEXIS 116712.[4]

---

[3] (E.D. LA 1991) 763 F.Supp. 1348

[4] But see *Shipmor Associates v. Musa* (N. Dist. Cal. 1991) 1993 U.S. Dist. LEXIS, *Shipmor Associates* did not disagree with the reasoning in *Belle Passe* so much

Here, Ms. Storm filed her Jones Act matter in state court on 1/28/13, which was less than three weeks after the instant declaratory relief action was filed. Thus, based on the pending state court action, dismissal should be granted.

## CONCLUSION

A determination here would have a broad preclusive effect on the pending state action, which was filed merely weeks after the instant declaratory relief action was filed. Based on these facts, it is respectfully requested this matter be dismissed in deference to the action that was filed in Orange County Superior Court on 1/28/13.

Dated: February 7, 2013

THE TURLEY LAW FIRM, APLC

William Turley, Esq.
David Mara, Esq.
Attorney for Decaratory Defendant
Janine Storm

F:\ACLIENTS\Jones Act-Seaman\Storm, Janine\Motions\Motion to Dismiss\P&A's.wpd

---

as it found it inapplicable to its facts. In *Shipmor Associates*, the declaratory defendant filed his Jones Act matter in state court five months after the declaratory relief matter was filed. In denying dismissal, the *Shipmor Associates* court reasoned that the declaratory relief being sought related to a limited single, limited issue associated with maintenance and cure, which differed from the more broad and fundamental maintenance and cure entitlement issue in *Belle Passe*. Finally, *Shipmor Associates,* which also ruled against dismissal on the grounds that the Jones Act and unseaworthiness claims could be counterclaimed in the declaratory relief action and go before a jury, with the maintenance and cure claims being tried before the bench, should be disregarded as conflicting with U.S. Supreme precedent. *See Fitzgerald v. United States Lines Co.* (1963) 374 U.S. 16, 21 ("[W]e hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts.").

```
 1  WILLIAM TURLEY, ESQ. (122408)
    DAVID MARA, ESQ. (230498)
 2  THE TURLEY LAW FIRM, APLC
    625 Broadway
 3  San Diego, California 92101
    Telephone: (619) 234-2833
 4  Facsimile:  (619) 234-4048
 5
    Attorneys for Defendant Janine Storm
 6
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS, ,<br><br>Plaintiff,<br>v.<br><br>JANINE STORM<br><br>Defendant | Case No. SACV13-34 AG(JPRx)<br><br>DECLARATION OF DAVID MARA, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Hearing Date: March 4, 2013<br>Time:         10:00 a.m.<br>Judge:        Hon. Andrew J. Guilford<br>Dept.         10-160/10D |
|---|---|

I, David Mara, hereby declare under penalty of perjury as follows:

1. I am the attorney for Defendant, Janine Storm, and the following declaration is based upon my personal knowledge such that if called as a witness I could competently testify thereto.

2. On January 28, 2013, I caused a complaint for damages to be filed in the Superior Court of California, County of Orange, on behalf of Janine Storm for the serious injuries she sustained while working as a crew member aboard Defendant's vessel, "Just Dreamin."

3. This matter that is pending before the Orange County Superior Court bears the case number 30-2013-00627219-CL-PO-CJC and is cognizant under the Federal Jones Act and general maritime law for unseaworthiness and maintenance and cure.

4. In a companion motion to be heard on the same date and time, Defendant Storm

requests the Court take Judicial Notice of the complaint filed in Orange County Superior Court for case number 30-2013-00627219-CL-PO-CJC.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2/7/13

Signed: _____
David Mara, Esq.

F:\ACLIENTS\Jones Act-Seaman\Storm, Janine\Motions\Motion to Dismiss\DM Dec.wpd

| | |
|---|---|
| Case Name: | HORNBLOWER YACHTS, LLC dba HORNBLOWER CRUISES AND EVENTS v. JANINE STORM |
| Court: | U.S. DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION |
| Case Number: | SACV13-34 AG(JPRx) |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of: San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 625 Broadway, Suite 625, San Diego, California 92101.

On **February 8, 2013**, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS**

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Richard Wootton, Esq.
Cox Wootton Griffin Hansen & Poulos
190 The Embarcadero
San Francisco, CA 94105

Attorney for Hornblower Yachts, LLC dba Hornblower Cruises and Events

☐ **(BY UNITED STATES MAIL)** On I enclosed the above describedf documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ **(BY FAX)** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addresses named above. No error was reported by the fax machine that I used.

☐ **(BY E-MAIL)** I caused the documents to be sent to the persons at the electronic notification addresses of the parties named above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL SERVICE)** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's

Page 1 of 2

residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

[XX] **(BY UPS OVERNIGHT DELIVERY)** On **February 8, 2013**, I enclosed the above described documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses named above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **(BY MESSENGER SERVICE)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

[XX] **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: **February 8, 2013**

_____
David Mara, Esq.